# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-1566 PA (KKx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Joaquina Valencia v. County of Riverside, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants County of Riverside and Deputy Michael Heuer ("Defendants") on July 20, 2018. Plaintiff Joaquina Valencia ("Plaintiff") filed a complaint against Defendants in Riverside County Superior Court, asserting causes of action for unlawful detention and arrest; excessive force; negligence; negligent use of force; conspiracy to violate civil rights; and violation of California's Bane Act, Cal Civ. Code § 51.7. Defendants assert that this Court has jurisdiction on the basis of federal question jurisdiction. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where a

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1566 PA (KKx) | Date | July 26, 2018 |
|---|---|---|---|
| Title | Joaquina Valencia v. County of Riverside, et al. | | |

plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants contend that the Court has federal question jurisdiction over this action because "it arises under 42 U.S.C. § 1983 of the Federal Civil Rights Act." (Notice of Removal ¶ 7.) Defendants contend that Plaintiff brings claims pursuant to federal law because her first cause of action, for unlawful detention and arrest, makes a single isolated reference to the Fourth Amendment of the United States Constitution. (Id. ¶ 3.) Contrary to Defendants' allegations, Plaintiff's reference to the Fourth Amendment does not appear to attempt to allege a claim under 42 U.S.C. § 1983. Instead, Plaintiff appears to allege a cause of action under only state law, which is similar to federal law in this instance. See Barsamian v. City of Kingsburg, 597 F. Supp. 2d 1054, 1065 (E.D. Cal. 2009) ("California's constitutional ban on unreasonable searches and seizures is similar to the Fourth Amendment's prohibition on unreasonable searches and seizures. The United States Constitution defines the minimum protection provided under Article 1, § 13 of the California Constitution." (citation and internal quotation marks omitted)); see also Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (stating that the invocation of federal law "as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose"); Shelley's Total Body Works v. City of Auburn, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) ("Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." (collecting cases)).

Defendants also contend that Plaintiff's second cause of action, for excessive force, is brought under federal law because Plaintiff attempts to assert a claim for municipal liability pursuant to Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). (Notice of Removal ¶ 3.) However, Plaintiff's second cause of action does not mention section 1983 or Monell, and there is no indication that Plaintiff intended to invoke federal law.

Plaintiff's complaint does not purport to assert federal claims, and it is not "clear" that Plaintiff is attempting to assert a federal claim with either of her first or second causes of action. See Duncan, 76 F.3d at 1485. Accordingly, Defendants have failed to meet their burden to establish that this action "arises under" any federal law.

For the foregoing reasons, Defendants have failed to satisfy their burden of showing that federal question jurisdiction exists. Accordingly, this action is hereby remanded to Riverside County Superior Court, Case No. RIC 1813096, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.